# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| REGIONS BANK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:09-CV-1260 CAS |
| | ) | |
| EGYPTIAN CONCRETE CO., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the receiver Atec, Inc.'s motion for equitable stay of actions against the receiver and the receivership estate. In its motion, the receiver states that it has been defending defendant Egyptian Concrete Company in four separate lawsuits pending in the state courts of Missouri and Illinois. It states that it expects several more lawsuits to be filed against Egyptian Concrete Company for debts incurred prior to the date the receiver was appointed. The receiver seeks an order from the Court staying these pending state court cases and preventing the filing of any further lawsuits against the receivership estate for debts incurred prior to September 1, 2009.

The Anti-Injunction Act, 28 U.S.C. § 2283, provides:

> A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

The Anti-Injunction Act prohibits federal courts from enjoining proceedings in state courts unless the injunction falls within one of the three exceptions contained in the Act. See Kansas Public Employees Ret. Sys. v. Reimer & Koger Assocs., Inc., 77 F.3d 1063, 1068 & n.4 (8th Cir. 1996). Courts construe the exceptions to the Anti-Injunction Act narrowly and resolve all doubts in favor of letting

the state court actions proceed.  Id. at 1068 (citing Atlantic Coast Line R.R. v. Brotherhood of Locomotive Eng'rs, 398 U.S. 281, 297 (1970)).

The receiver has not briefed the Anti-Injunction Act.  The Court cannot find that any exception to the Anti-Injunction Act applies in this case, especially where the receiver seeks to enjoin legal proceedings (as opposed to equitable proceedings) already pending in the state courts. Construing the Act narrowly and resolving all doubts in favor of letting the state court actions proceed, the Court will deny the receiver's motion.

Accordingly,

**IT IS HEREBY ORDERED** that the receiver's motion for equitable stay of actions against the receiver and the receivership estate is **DENIED**. [Doc. Nos. 26 and 28]

_____
**CHARLES A. SHAW
UNITED STATES DISTRICT JUDGE**

Dated this 5th day of November, 2009.