UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| REGIONS BANK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:09-CV-1260 CAS |
| ) | |
| EGYPTIAN CONCRETE CO., et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff Regions Bank's ("Regions") motion for default judgment against defendant Egyptian Concrete Company ("Egyptian Concrete"). For the following reasons, the motion will be denied without prejudice.

**Background**

On August 7, 2009, Regions filed its complaint against defendants Egyptian Concrete, Glennon J. Boresi, and Lynn K. Boresi to recover on notes executed by Egyptian Concrete. Regions later dismissed the individual defendants and amended its complaint to add defendant Regions Bank, f/k/a Union Planters Bank, NA, f/k/a First National Bank and Trust Company, as Trustee Under the Provisions of a Trust Dated the 5th Day of July, 1974, Known as Trust number LT-1338 ("Land Trust"). Defendant Land Trust was the fee simple owner of record of three parcels of property in Salem, Illinois upon which defendant Egyptian Concrete conducted its operations. Defendant Egyptian Concrete was the beneficial owner of this land. Regions never served the amended complaint on defendant Land Trust, and consequently, defendant Land Trust has never entered an appearance.

On October 1, 2009, attorney Peter D. Kerth entered an appearance for defendant Egyptian Concrete. Mr. Kerth appeared for Egyptian Concrete at the hearing held on the Receiver Atec's

motion to approve the sale of certain assets to County Materials, but has never filed any document on behalf of his client. Egyptian Concrete never responded to the complaint or the amended complaint.

**Discussion**

(1) <u>Defendant Egyptian Concrete</u>

Regions has filed a motion for default judgment against defendant Egyptian Concrete pursuant to Rule 55(b)(2). As an procedural matter, Regions must obtain an entry of default by the Clerk of Court pursuant to Rule 55(a) before seeking a default judgment pursuant to Rule 55(b). An entry of default from the Clerk of the Court pursuant to Rule 55(a) is a prerequisite to and must precede the grant of a default judgment under Rule 55(b). <u>Johnson v. Dayton Elec. Mfg. Co.</u>, 140 F.3d 781,783 (8th Cir. 1998); <u>see</u> 10 Wright, Miller and Kane, <u>Federal Practice and Procedure: Civil 2d</u> §§ 2682 at 406, 2683 at 413 (1983).

The Court will deny Regions' motion for default judgment without prejudice to refiling. Regions shall file a motion for entry of default by the Clerk of Court under Rule 55(a), reciting the relevant facts regarding service of process and defendant's failure to plead or otherwise defend. Assuming the Clerk of Court enters default against defendant Egyptian Concrete, Regions may refile its motion for default judgment pursuant to Rule 55(b), along with the supporting affidavits and a proposed order.[1] Regions should note that Rule 55(b)(2) requires notice of the application for default judgment to be served on the party against whom the default judgment is sought if the party "has appeared personally or by a representative." Fed. R. Civ. P. 55(b)(2).

---

[1]Counsel is reminded that a courtesy copy of any proposed order must be sent in a word processing format to the Court's proposed orders e-mail inbox, at MOED_Proposed_Orders@moed.uscourts.gov, in addition to being electronically filed as a .pdf attachment. <u>See</u> Administrative Procedures for Case Management/Electronic Case Filing, § II.J.

(2)     Defendant Land Trust

While the Court finds a default judgment pursuant to Rule 55(b)(2) against defendant Egyptian Concrete is likely warranted after entry of default by the Clerk, the Court is concerned that the case will still be ongoing as to defendant Land Trust.  As stated in its Order dated March 15, 2010, the Court recognizes that because of the nature of this matter, it might not follow the normal course of litigation.  The Court has expressed concern that defendant Land Trust was never served with the amended complaint, and the time for doing so under Rule 4(m) has expired.  As recently as January 25, 2011, Regions stated that "[t]he Land Trust will be served with the Amended Complaint."  See Status Report at ¶ 2 (Doc. 67).  No proof of service has been filed.

Under Rule 4(m), the Court, after notice to the plaintiff, is directed to dismiss an action against a defendant upon whom service has not been made within 120 days after the filing of the complaint.  Because Regions has never effected service upon defendant Land Trust, the Court will order Regions to effect service upon defendant Land Trust by September 29, 2011.  In the absence of good cause shown, failure to timely serve said defendant shall result in the dismissal of plaintiff's claims as to defendant Land Trust without prejudice.[2]

Accordingly,

---

[2] Assuming Regions files proof of service on defendant Land Trust, Regions should note that the Eighth Circuit follows the general rule that "[w]hen there are multiple defendants who may be jointly and severally liable for damages alleged by plaintiff, and some but less than all of those defendants default, the better practice is for the district court to stay its determination of damages against the defaulters until plaintiff's claim against the nondefaulters is resolved." Pfanenstiel Architects, Inc. v. Chouteau Petroleum Co., 978 F.2d 430, 433 (8th Cir. 1992). Therefore, the Court would likely stay the determination of damages against defendant Egyptian Concrete until plaintiff's claims against defendant Land Trust are resolved or until Regions seeks default judgment against both defendants.

**IT IS HEREBY ORDERED** that plaintiff Regions Bank's motion for default judgment against Egyptian Concrete Company is **DENIED without prejudice**. [Doc. 73]

**IT IS FURTHER ORDERED** plaintiff Regions Bank shall cause service to be effected upon defendant Land Trust not later than September 29, 2011.  In the absence of good cause shown, failure to timely serve said defendant shall result in the dismissal of plaintiff's claims as to that defendant without prejudice, without further notice from the Court.

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　**CHARLES A. SHAW**
　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

Dated this 9th day of September, 2011.